UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
PROVENANCE MEDIA GROUP, LLC          :
                                     :     **MEMORANDUM AND**
                         Plaintiff,  :     **ORDER GRANTING**
                                     :     **MOTION TO INTERVENE**
       -against-                     :
                                     :     06 Civ. 4349 (AKH)
HH SHEIK SULTAN ALIBRAHEEM,          :
                                     :
                         Defendant.  :
------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Josée-Lyne Falcone, Inc. ("JLF"), a Canadian corporation, moves to intervene as a defendant in this diversity action between a New Jersey limited liability company and a citizen of a foreign state. 28 U.S.C. § 1332(a)(2). JLF asserts it is entitled to intervene as of right and permissively under Rule 24(a)–(b) of the Federal Rules of Civil Procedure. Neither party opposes the motion. For the reasons stated below, I grant the motion by JLF to intervene as a defendant and assert counterclaims against Plaintiff and cross-claims against Defendant.

       Plaintiff is a New Jersey limited liability with four members, all citizens of the United States, and Defendant is a citizen of a foreign state; subject matter jurisdiction exists pursuant to Section 1332(a)(2) of Title 28 of the United States Code. Plaintiff alleges that Defendant breached a contract between them for the exhibition for sale of an ornamental carpet, the Baroda Pearl Carpet ("the Carpet"). Specifically, Plaintiff alleges that Defendant breached the contract by refusing to return a $2.5 million "good faith deposit," after the parties were unable to effect a sale of the Carpet. By Order of July 3, 2007, I permitted Plaintiff to amend the complaint to add, in addition to its claim for breach of contract, a claim for the imposition of a constructive trust over the Carpet. Plaintiff filed the Second Amended Complaint on August 14, 2007, adding its claim for a constructive trust. JLF now moves to intervene in the action as a

1

defendant, asserting counterclaims and cross-claims that it, and not Defendant Alibraheem, is the true owner of the carpet, and that JLF's possessory right is therefore superior to any rights asserted by Plaintiff, which are derivative of Alibraheem's inferior interest in the carpet.

Rule 24 of the Federal Rules of Civil Procedure provides for intervention "of right" "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."  Because JLF has (1) timely filed its application in relation to Plaintiff's claim for a constructive trust over the carpet itself; (2) has shown an interest in the property and transaction at issue in the action; (3) has demonstrated that its interest may be impaired by the disposition of Plaintiff's claims; and (4) has shown that its interest is adverse from and unprotected by the parties to the action, I hold that the requirements for intervention as of right are met in this case.  Fed. R. Civ. P. 24(a); E.g., Brennan v. New York City Bd. of Educ., 260 F.3d 123, 128-33 (2d Cir. 2001).

Apart from the requirements for intervention pursuant to Rule 24, I must determine whether the intervention of JLF would be consistent with the grant of federal subject matter jurisdiction, and whether such jurisdiction exists over JLF's claims and cross-claims. Opposing Plaintiff's claim for imposition of a constructive trust over the carpet itself, JLF moves to intervene as a defendant, in order to assert its counterclaim that it, and not Defendant Alibraheem, is the proper owner of the carpet.  Intervention by JLF as a defendant would satisfy the requirements of Section 1332(a)(2), because a United States citizen plaintiff would oppose two foreign citizen defendants.  And aligning JLF as a defendant is proper, because an "actual and substantial" controversy and collision of interests exists between Plaintiff, which asserts a right to impose a trust upon the Carpet, and Defendant, which challenges that right by asserting

an interest superior to that of both Plaintiff and Defendant.  See Maryland Cas. Co. v. W.R. Grace and Co., 23 F.3d 617, 621-24 (2d Cir. 1994) (adopting "collision of interests" test and rejecting claim that parties should be realigned to reflect "principal purpose of the suit").

It is clear that the Court has subject matter jurisdiction over JLF's counterclaims against Plaintiff, because JLF is a foreign corporation and Plaintiff is a citizen of the United States. 28 U.S.C. § 1332(a)(2).  With respect to JLF's cross-claims against non-diverse Defendant Alibraheem, supplemental jurisdiction exists pursuant to Section 1367.  Id. § 1367.  Section 1367 provides for supplemental jurisdiction over "claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . includ[ing] claims that involve the joinder or intervention of additional parties." Id. § 1367(a).  Yet, supplemental jurisdiction is limited where subject matter jurisdiction is founded solely upon diversity, as in this case.  In relevant part, Section 1367(b) precludes the exercise of supplemental jurisdiction over claims against non-diverse parties made by plaintiffs joined under Rule 24, or by those seeking to intervene as plaintiffs under Rule 24.  However, Section 1367(b), which reflects Congress's intent to prevent "original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity," Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726-27 (2d Cir. 2000) (citations omitted), does not "deprive the district court of supplemental jurisdiction over a counterclaim or cross-claim raised by an intervening defendant, even where the intervenor shares citizenship with an original party." Development Fin. Corp. v. Alpha Hous. & Healthcare, Inc., 54 F.3d 156, 160-61 (3d Cir. 1995); accord Kearney, 212 F.3d at 727.  Accordingly, the Court has jurisdiction over the claims asserted by the intervenor, JLF.

For the reasons stated above, I grant the motion by JLF to intervene as of right, and I hold that the Court has jurisdiction over the claims asserted. 28 U.S.C. §§ 1332(a)(2), 1367(a)–(b); Fed. R. Civ. P. 24(a).

SO ORDERED.

Dated:   September 12, 2007
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge